# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALEX NORRIS,

        Petitioner,    :    Case No. 3:18-cv-105

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

JEFF NOBLE, Warden,
    adison Correctional Institution

        :

    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Alex Norris under 28 U.S.C. § 2254. Norris seeks relief from his conviction in the Clark County Common Pleas Court on charges of trafficking in heroin, possession of heroin, and having weapons under disability (Petition, ECF No. 3, PageID 21). The case before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Norris pleads the following grounds for relief:

> **Ground One**: Trial court incorrectly overruled Appellant's Motion to Suppress.
>
> **Supporting Facts:** § 6:6 Noncognizable constitutional claims (2007 edition Habeas Corpus) (1) *Stone v. Powell*, 428 U.S. 465, 494-95 . . . to the 4th Amendment rule prohibiting the warrantless entry and the search and seizure of a person's house unreasonable. SPD [Springfield Police Department] officers proceeded into residence in search of fugitive. Officer then proceeded into

1

basement opening a cigar box where suspected to find cocaine. Putting the substance back into the box, he then told another officer who explained he needed a search warrant. Not at the residence at the time of the search, Mr. Norris was apprehended immediately upon his arrival at the house. Remedies by my lawyer were brought to the suppression hearing on this issue. Also the testimony under oath by Officer Phillips initial findings conflicted with his affidavit perjuring [sic] his integrity of facts.

**Ground Two:** Trial court incorrectly allowed heresay [sic] evidence, unable to confront witness.

**Supporting Facts:** § 6:6 Noncognizable constitutional claims (2) *Withrow v. Williams*, 507 U.S. 680, 683 . . . (1993). Trial court incorrectly allowed heresay [sic] evidence denying appelant [sic] his right to confront a witness against him. The trial court allowed the State to introduce evidence in the form of phone text messages that were allegedly sent between Appellant and other unknown parties. The State did not bring in these other parties unknown nor did they bring in anyone from the cellular service provide to testify to the records.

**Ground Three:** § 7:4 Relationship between 28 U.S.C. § 2254 and 42 U.S.C. § 1983 on 4th Amendment claims.

**Supporting Facts:** *Allen v. McCurry*, 449 U.S. 90 . . . (1980). Arresting officer Mr. Phillips illegally searched small areas when specifically told by superiors not to. Then fabricating the occurrence to obtain search warrant and later commiting [sic] perjury on the witness stand under oath with a conflicting story.

(Petition, ECF No. 3, PageID 25-30.)

**Procedural History**

Norris was indicted by the Clark County grand jury on May 5, 2014, on counts of possession of heroin, trafficking in heroin, and having weapons while under a disability. He was convicted on those charges by a petit jury and then sentenced to twelve and one-half years imprisonment. He appealed to the Second District Court of Appeals which affirmed the

conviction. *State v. Norris,* 2016-Ohio-5729, 76 N.E.3d 405, 2016 Ohio App. LEXIS 3592 (2nd Dist. Sep. 9, 2016). Next, he sought review in the Ohio Supreme Court which declined jurisdiction. *State v. Norris*, 148 Ohio St. 3d 1412 (2017). He then filed this timely petition for habeas corpus.[1]

# Analysis

**Ground One: Failure to Grant Motion to Suppress**

In his First Ground for Relief, Norris asserts the trial court erred when it failed to grant his motion to suppress. He had claimed in that motion that the 95.09 grams of heroin, items of drug paraphernalia, and three firearms taken from his residence were illegally seized because the search warrant pursuant to which the seizure happened was based on a false statement and upon illegally seized evidence. *State v. Norris, supra*, ¶ 3. The Second District found that the evidence presented at the suppression hearing showed the following facts:

> [*P4] On the night of April 23, 2014, the Springfield Police Department received an anonymous tip that a murder suspect named Tyrin Hawkins was in the basement of Norris's residence with a shotgun. In response, several officers were dispatched to Norris's residence. One of the officers, Sergeant Doug Pergram, testified that he knocked on the door of Norris's residence and obtained verbal consent from Norris's wife, Sonya Swain Norris, to search the residence for Hawkins.
>
> [*P5] Officer Jason Phillips testified that he was one of the officers who searched Norris's residence for Hawkins. Philips [sic] testified that as he searched the basement, he entered a small room wherein

---

[1] Norris reports that he has also filed a petition for post-conviction relief on which the Clark County Common Pleas Court has not yet acted. The claims made in that petition do not appear to duplicate the claims made here.

he saw a table with various items lying on it in plain view, including a small amount of marijuana, a scale covered with white residue, a box of empty sandwich baggies, and a cigar box. According to Phillips, the cigar box had part of a residue-laden plastic baggie sticking out of its closed lid. Phillips testified that based on his training and experience, he believed that the residue on the plastic baggie was cocaine. Upon seeing the baggie, Phillips testified that he lifted the lid off the cigar box, picked up the baggie, and observed a white, rock-like substance inside, which was later tested and found to be approximately one ounce of heroin. Phillips testified he then placed the baggie back into the cigar box, but could not remember whether he closed the lid or whether the plastic baggie was still sticking out of the box.

[*P6] Following Phillips's observations, the officers secured Norris's residence while Phillips prepared an affidavit for purposes of obtaining a search warrant. The affidavit prepared by Phillips stated, in pertinent part, the following:

> Officers searched the residence for Hawkins, and did not locate him or any other person. While searching the residence, officers observed in plain view in the basement, in a back room on a table, a small amount of marijuana, and a cigar box with a bag sticking out of it containing a white powder that appeared to be cocaine, and a scale was also on the table with white residue consistent with cocaine. Based upon this officer's training and experience, the bag appeared to contain approximately one ounce of cocaine. This amount of cocaine is far in excess of any typical user amount, and is very highly indicative of large scale drug trafficking. A box of empty sandwich bags was also on the table.

State's Exhibit No. 9 - Search Warrant/Affidavit for Search Warrant (Apr. 23, 2014), p. 2-3, ¶ 4.

[*P7] Based on the supporting affidavit, the trial court ultimately signed a search warrant authorizing the officers to search Norris's residence for drugs and any evidence of trafficking or possession of drugs. Once the search warrant was obtained, officers from the narcotics unit searched Norris's residence. However, before conducting the search, the narcotics unit walked through the residence and took photographs and a video of the residence in its original condition. The video and images were admitted into evidence at the suppression hearing. The images and video depict the marijuana, digital scale, box of sandwich baggies, and cigar box observed by Phillips. However, the images did not show a

> baggie partially sticking out of the closed cigar box. In addition, Detective William Speakman and Lieutenant Michael Kranz of the narcotics unit testified that they did not observe a plastic baggie sticking out of the cigar box.
>
> [*P8] Throughout the hearing, Norris contended that Officer Philips [sic] contrived the plain-view observation of the residue-laden plastic baggie sticking out of the cigar box for purposes of securing a search warrant. However, after considering the testimony and evidence presented at the suppression hearing, the trial court found that even if the baggie of heroin had not been lawfully discovered as alleged in the affidavit, absent that allegation, the remaining contents of the affidavit provided probable cause to search the residence for evidence of drugs and drug trafficking. Accordingly, the trial court overruled Norris's motion to suppress and the matter proceeded to a jury trial.

*State v. Norris,* 2016-Ohio-5729..

Norris's first assignment of error was that, on these facts, the trial court had incorrectly overruled his motion to suppress which was based on the Fourth Amendment. The Second District overruled that assignment of error. *Id.* at ¶ 26.

Regardless of the correctness of this decision, it is clear from the Second District's opinion that Norris's Fourth Amendment claims received the usual process provided for such claims under Ohio law: presentation in a pre-trial suppression hearing out of the presence of a jury and full consideration on the merits on direct appeal.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is

allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." *Id*. at 638, quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40.

Because Norris was given a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts, this Court is barred by *Stone v. Powell* from reviewing the claim on the merits. On that basis, the First Ground for Relief should be dismissed.

**Ground Two: Admission of Hearsay and Denial of Right to Confrontation**

In his Second Ground for Relief, Norris complains of the admission of hearsay evidence at his trial which he claims invaded his right to confront his accusers. In the Second District, however, Norris raised this claim purely as a matter of violation of state evidence law, to wit, "Norris specifically contends that the text messages do not fall under the business records exception to the hearsay rule in Evid.R. 803(6), because the State failed to have a records custodian appear at trial and authenticate them." *Id.* at ¶ 28. The Second District decided, again purely as a matter of Ohio evidence law, that the text messages introduced in evidence were not hearsay because

> The text messages sent by Norris are not hearsay because they are statements by a party opponent under Evid.R. 801(D)(2), and the text messages received by Norris are not hearsay because they are statements that were not offered for the truth of the matter asserted, but rather to put Norris's responding texts into context. Moreover, a portion of the text messages can arguably be considered verbal acts, which are not hearsay because they have independent legal significance in that they demonstrate an offer or agreement was made between Norris and his contacts, and thus are relevant without regard to the truth of the matter asserted in the messages.

*Id.* at ¶ 37.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a

7

conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State law issues such as whether or not a particular piece of evidence constitutes hearsay or not are not subject to habeas review, see *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Turning to the Confrontation Clause aspect of this Ground for Relief, it appears that claim is procedurally defaulted because it was never presented to the Ohio courts. Even if the claim is not procedurally defaulted, it is without merit because the State did not introduce into evidence any testimonial statement by a witness who was not present to be cross-examined. The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004).

In sum Ground Two should be dismissed because the hearsay portion of the claim raises a question of Ohio evidence law which is not cognizable in habeas corpus and the Confrontation Clause aspect is without merit.

**Ground Three: Admission of Illegally Seized Evidence**

In his Third Ground for Relief, Norris again argues his Fourth Amendment rights were violated by the search which yielded the physical evidence against him. For the same reasons given as to Ground One, review of this claim on the merits is barred by *Stone v. Powell, supra*.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 5, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).